NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WALLACE J. THOMSON, | ) | No. C 05-0074 PJH (PR) |
| Petitioner, | ) | ORDER |
| vs. | ) | |
| A. K. SCRIBNER, Warden, | ) | |
| Respondent. | ) | |

This is a habeas case brought pro se by a state prisoner. Respondent moved to dismiss, contending that the petition is barred by the statute of limitations and is mixed. In opposition, petitioner explained why he thinks he is entitled to equitable tolling and asked that the petition be stayed while he exhausted the unexhausted claim in state court. The court noted that the opposition was not verified or supported by a declaration which would constitute proof of the facts alleged in it, and granted petitioner time to file a declaration in support. He has done so, and respondent has filed a reply, contending that the declaration remains insufficient and that even if the facts are as petitioner claims, he still is not entitled to equitable tolling.

**DISCUSSION**

To support his contention that he is entitled to equitable tolling, petitioner argues in his opposition that he was transferred from a state prison in Lancaster to a state prison in Corcoran on November 3, 2004. The next day he was placed on lockdown and did not receive his property until about November 9, 2004. He claims that he submitted a letter to the prison trust officer on November 9 requesting documentation to establish his qualification to proceed in forma paupris ("IFP"). According to petitioner,

1  the trust officials did not respond.  He submitted another letter on December 1, 2004.
2  Petitioner received the requested IFP documentation on December 22, 2004 and filed
3  his habeas petition that day.  He claims that he finished his petition on November 12,
4  2004, and that but for the prison official's delay in providing the IFP documentation, he
5  would have filed a timely petition.  He does not contend that the court should use a
6  starting date for the limitations period other than completion of direct review, nor does
7  he dispute that in the absence of equitable tolling the petition is untimely.

      Because the factual assertions in the paragraph above were not made under penalty of perjury, i.e., in declaration form, the court granted petitioner time to provide a declaration.  See Civil Local Rule 7-5(a) (proof of facts in motions or oppositions to motions to be by affidavit or declaration; exhibits to be authenticated by affidavit or declaration).  The declaration, however, rather than providing petitioner's own verified statement as to when he was transferred and when he attempted to obtain the in forma pauperis information by writing to the trust department, says only that he has not been able to get evidence of these things.  He appears not to realize that his own statement, if signed under penalty of perjury, would be evidence.

      The Ninth Circuit has held that a petitioner does not "carry a burden of persuasion" at the time he asserts equitable tolling in opposition to a motion to dismiss; further factual development is "required."  Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (reversing grant of motion to dismiss because district court failed to "develop the record" in response to petitioner's claim of mental incompetency); Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (remanding with instructions for district court to develop facts concerning whether AEDPA materials were unavailable in the prison law library and determine the legal significance of such a finding).  That is, it is the court's duty to develop the facts.  In view of this, petitioner is afforded another opportunity to provide a declaration covering the facts set out in his opposition,

1  especially those regarding his attempts to obtain IFP information at the critical time, and
2  to authenticate the exhibits by declaring them to be, to his personal knowledge, true and
3  accurate copies.

## CONCLUSION

5  Petitioner may file a further declaration in support of his opposition by August 29,
6  2005. If he does not, the court will decide the motion on the existing record. Any reply
7  shall be filed within fourteen days of the date the new declaration is filed.
8  IT IS SO ORDERED.

10  DATED: August 15, 2005.

PHYLLIS J. HAMILTON
United States District Judge

23  G:\PRO-SE\PJH\HC.05\THOMSON074.2NDDECLATION

28  3