**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALLACE J. THOMSON,<br><br>         Petitioner,<br><br>  vs.<br><br>DERRAL ADAMS, Warden,<br><br>         Respondent.<br>_____/ | No. C 05-00074 PJH (PR)<br><br>**ORDER LIFTING STAY AND REOPENING CASE; ORDER FOR RESPONDENT TO SHOW CAUSE** |

      This is a habeas case filed pro se by a state prisoner. It was stayed while petitioner exhausted an issue in state court. He has completed exhaustion and asks that the stay be lifted.

      1. The clerk shall **REOPEN** this case. Petitioner's motion to lift the stay (document number 26 on the docket) is **GRANTED**. The stay is **LIFTED**. Whether the exhausted claim is procedurally defaulted will not be considered now, but rather will be addressed if respondent raises procedural default.

      2. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

      If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

      3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing

Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

      4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: July  9 , 2007.

                                      PHYLLIS J. HAMILTON
                                      United States District Judge

G:\PRO-SE\PJH\HC.05\THOMSON074.LIFTSTAY