UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WALLACE J. THOMSON,

        Petitioner,

   v.

A. HEDGPETH, Warden,

        Respondent.
                                     /

No. C 05-0074 PJH (PR)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas case under 28 U.S.C. § 2254 filed pro se by a state prisoner. The court denied the petition in a ruling entered on August 5, 2008. On September 2, 2008, petitioner filed a document captioned "Notice of Appeal and *Application for Extension of Time to File* 'Request for COA." The portion in italics is part of the form petitioner used; the remainder is hand-written. The court denied petitioner's request for an extension of time to apply for a certificate of appealability ("COA"), noting that there is no fixed time for such applications and that under Ninth Circuit law a notice of appeal can serve as an application for a COA if no specific motion for one is filed. *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). The court stated that it would refrain from ruling for a time on the request for a COA implicit in the notice of appeal, to allow petitioner to file a motion for COA if he desired to so do. He has not. The court therefore will now treat the notice of appeal as an application for a COA and consider whether a COA should issue.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000).

For the reasons set out in the order denying the petition, jurists of reason would not find the result debatable or wrong. Petitioner notice of appeal, treated as a request for a certificate of appealability (document number 42 on the docket) is **DENIED**.

The clerk shall transmit the file, including a copy of this order, to the Court of Appeals. *See* Fed. R.App.P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Petitioner may then ask the Court of Appeals to issue the certificate, *see* R.App.P. 22(b)(1), or if he does not, the notice of appeal will be construed as such a request, *see* R.App.P. 22(b)(2).

**IT IS SO ORDERED.**

Dated: February 17, 2009.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.05\THOMSON074.COA2.wpd